# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Shulman, Hodges & Bastian, L.L.P.

v.

John C. Carroll et al.

March 25, 2009

Case No. (Civil) JD08001523

BY JUDGE LISA B. KEMLER

Before the Court is the Defendant John C. Carroll's Motion to Reconsider Order Admitting Attorney *Pro Hac Vice*, the Plaintiff's Response in Opposition to Defendant's Motion to Reconsider the Court's Order Admitting Ron Hodges Pro Hac Vice, and the Defendant John C. Carroll's Surrebuttal to Plaintiff's Response in Opposition to Defendant's Motion to Reconsider Pro Hac Vice. The parties agreed to the Court's deciding the matter on the pleadings.

The Plaintiff, a law firm, obtained a judgment against the Defendant, Michael Ferraguto, Jr., and Ocean Atlantic Services Corporation in the Superior Court of Orange County, California. The Corporation had been a client of the Plaintiff, and the Defendant and Mr. Ferraguto were officers of the corporation and guarantors of payment for legal services rendered by the Plaintiff to the Corporation. On March 10, 2008, the California judgment was domesticated in this Court. On May 29, 2008, counsel for Plaintiff, Ronald Stern, submitted an application for attorney Ronald Hodges, an attorney with the Plaintiff law firm and the attorney who represented the Corporation in the underlying litigation in California, to appear *pro hac vice*, but because the required motion to admit Mr. Hodges was not filed and the $250 fee to the Virginia Supreme Court was not tendered, an order granting the application was not entered. Pursuant to a Summons to Answer Interrogatories, the

Defendant appeared before Commissioner in Chancery Herbert Karp on February 24, 2009. Commissioner Karp sustained Defendant's counsel's objection to questioning by both Mr. Stern and Mr. Hodges on the grounds that Mr. Hodges had not been admitted *pro hac vice* and the Defendant should not be subjected to questioning by two lawyers in one examination.

Subsequently, Mr. Stern submitted a proper application for Mr. Hodges' admission to appear *pro hac vice,* and on March 4, 2009, the Court entered an order admitting Mr. Hodges to appear *pro hac vice* in this matter. The following day, Defendant filed an objection to the admission *pro hac vice* of any member of the Plaintiff law firm and, upon learning that the Court had already entered such an order, on March 12, 2009, filed the presently pending motion to reconsider.

The basis for the Defendant's objection is that, because this matter involves the enforcement of a judgment, Virginia's legal ethics rules do not permit the lawyer, Mr. Hodges, to disclose confidences he learned in the course of his representation of the Defendant in the underlying action. Defendant asserts that "[i]t can only be assumed that Hodges knows something he learned while representing Carroll and the other defendants which he seeks to use at the debtor interrogatories hearing." (Defendant's Objection at 2.) In addition, the Defendant objects to being subjected to questioning by more than one lawyer and argues that, because Mr. Stern was originally retained to represent the Plaintiff and questioned the Defendant at the previous debtor interrogatories, there is no "good cause" under Virginia Supreme Court Rule 1A:4(3), for admitting Mr. Hodges *pro hac vice.*

Having reviewed the parties pleadings and the legal authorities cited therein, the Court denies the motion to reconsider. Pursuant to Rule 1.6(b)(2) of the Rules of Professional Conduct, an attorney may reveal information protected by the attorney-client privilege "[t]o the extent a lawyer reasonably believes necessary" in order "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client." An action to collect a fee is covered by Rule 1.6(b)(2). See also Comment 10a to Rule 1.6(b)(2). The Comment cautions that "the lawyer must make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having a need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure."

With respect to the Defendant's argument that there is no "good cause" for admitting Mr. Hodges *pro hac vice,* the Court notes that a finding of "good cause" relates only to a decision to permit an out-of-state lawyer to appear *pro hac vice* on a *temporary basis* prior to completion of the *pro hac vice*

application. *See* Rule 1A:4(3). While it would not be appropriate for the Defendant to be subjected to questioning by more than one attorney at any future debtor interrogatories or other hearings in this matter, Mr. Hodges has met the requirements of Rule 1A:4 and may, therefore, appear *pro hac vice* in this matter and represent the Plaintiff.